UNITED STATES of America,
Appellee,

v.

Michael McCLAIN, also known as "Michael MacClane"; Marianne Curtis; Louis Frechette; Roy Thornton, Defendants,

Robert Martins, also known as "R. Martins", also known as "R Martin", Antonio Guastella, also known as Nino Anthony Guastella, also known as Anthony Costelli, Defendants–Appellants.

No. 02–1093(L), 02–1122(CON).

United States Court of Appeals,
Second Circuit.

Argued: March 16, 2004.
Decided: July 28, 2004.

Alexei Schacht, Nalven & Schacht, Astoria, NY, for defendant-appellant Robert Martins.

Bobbi C. Sternheim, New York, NY, for defendant-appellant Antonio Guastella.

Gary Stein, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney for the Southern District of New York, on the brief; Michael Schachter, Assistant United States Attorney, of counsel), New York, NY, for appellee.

Before: SACK, SOTOMAYOR, and RAGGI, Circuit Judges.

SOTOMAYOR, Circuit Judge.

Defendants-appellants Robert Martins and Antonio Guastella appeal from a judgment of conviction entered on February 11, 2002, in the United States District Court for the Southern District of New York (Scheindlin, J.), following a jury trial. Both defendants were convicted of money laundering, multiple counts of wire fraud, and interstate transportation of stolen property, in violation of 18 U.S.C. §§ 1957, 1343, and 2314, respectively, as well as conspiracy to commit wire fraud and money laundering, in violation of 18 U.S.C. §§ 371 and 1956(h), respectively. On appeal, defendants argue that, *inter alia,* the admission of three of their co-conspirators' guilty plea allocutions violated their Confrontation Clause rights as recently enunciated in *Crawford v. Washington,* — U.S. ——, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and that they are therefore entitled to a new trial. We address this argument here, and deal with defendants' other challenges to their convictions and sentences in a summary order to be later filed.

We hold that (1) the admission of the co-conspirators' guilty plea allocutions against Martins and Guastella violated the Confrontation Clause because the statements were testimonial and the appellants did not have the prior opportunity to cross-examine the declarants; (2) the violation is subject to harmless error review; and (3) the error was harmless as to both defendants.

## BACKGROUND

Martins's and Guastella's convictions arise out of their development and orchestration of an elaborate scheme to defraud investors of millions of dollars. In 1997, the two began holding themselves out to investors as promoters of a high-yield investment program that promised massive returns within a short period of time. Defendants created a series of fictitious European banks from which investors were to "lease" funds to invest, usually for a leasing fee of around $35,000. Payment of this fee would purportedly release $1 million, which defendants would then assertedly place in the high-yield trading program. In reality, no funds were released and the investment programs were nonexistent. Martins and Guastella pocketed the leasing fees and eventually defrauded victims out of approximately $16.7 million. As the victims became more numerous, the scheme became more complicated, and Martins and Guastella recruited subordinates to help maintain the illusion that brokers were recommending the investment programs and that the banks were actual financial institutions. Three of these subordinates, Louis Frechette, Roy Thornton, and Marianne Curtis, pled guilty, and their plea allocutions were in-

troduced at trial as evidence of the existence of the conspiracy.

In addition to the plea allocutions, the government's case at trial rested on the voluminous documentary evidence recovered during searches of Martins's and Guastella's residences, including various forged documents used to assure the victims that their "leased" funds were available for investment. Several victims testified, as did Swedish and American banking officials, who established that the banks created by defendants were fictitious. Martins and Guastella were both convicted on all counts and sentenced principally to 135 and 200 months' imprisonment, respectively.

Subsequent to the filing of this appeal but prior to oral argument, the Supreme Court decided *Crawford v. Washington*, — U.S. —, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), which substantially alters the Court's existing Confrontation Clause jurisprudence. *Crawford* holds that no prior testimonial statement made by a declarant who does not testify at the trial may be admitted against a defendant unless the declarant is unavailable to testify and the defendant had a prior opportunity to cross-examine him or her. *Id.* at 1369. We ordered supplemental briefing on the issue of whether *Crawford* renders the admission of the co-conspirators' plea allocutions unconstitutional.

## DISCUSSION

*Crawford* departs from prior Confrontation Clause jurisprudence by establishing a *per se* bar on the admission of out-of-court testimonial statements made by unavailable declarants where there was no prior opportunity for cross-examination. *See id.* at 1370. Because the Clause states that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him," U.S. Const. amend. VI, the right of confrontation extends only to witnesses. *Crawford* redefines the Court's Sixth Amendment jurisprudence by holding that the term "witnesses" does not encompass all hearsay declarants, but rather denotes only those who "bear testimony."[1] *Crawford*, — U.S. at —, 124 S.Ct. at 1364 (internal quotation marks omitted). Testimony, in turn, is " '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.' " *Id.* (quoting 1 N. Webster, An American Dictionary of the English Language (1828)).

■ Although the Court declined to "spell out a comprehensive definition of 'testimonial,' " *id.* at 1374, it provided examples of those statements at the core of the definition, including prior testimony at a preliminary hearing or other court proceeding, as well as confessions and responses made during police interrogations. *See id.* at 1364, 1374. With respect to the last example, the Court observed that "[a]n accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Id.* In light of these examples cited by the Court as testimonial, it is clear that a plea allocution constitutes testimony, as it is formally given in court, under oath, and in response to questions by the court or the prosecutor. *See also White v. Illi-*

---

1. *Crawford* does not overrule the Court's pre-existing Confrontation Clause jurisprudence, enunciated in *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), and its progeny, as it applies to nontestimonial statements, however. *See Crawford*, — U.S. at —, 124 S.Ct. at 1370 (declining to overrule *Roberts* and *White v. Illinois*, 502 U.S. 346, 352, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992), which reaffirmed the *Roberts* approach).

*nois,* 502 U.S. 346, 365–56, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992) (Thomas, J., concurring in part and concurring in the judgment, joined by Scalia, J.) (stating that the Confrontation Clause is implicated only by "formalized testimonial materials"). Therefore, a plea allocution by a co-conspirator who does not testify at trial may not be introduced as substantive evidence against a defendant unless the co-conspirator is unavailable and there has been a prior opportunity for cross-examination. *See Crawford,* —— U.S. at ——, ——, 124 S.Ct. at 1370, 1374.

■ The admission of the plea allocutions of Frechette, Thornton, and Curtis therefore violated defendants' Confrontation Clause rights. It is well established that violations of the Confrontation Clause, if preserved for appellate review, are subject to harmless error review, however, and *Crawford* does not suggest otherwise. *See, e.g., Coy v. Iowa,* 487 U.S. 1012, 1021, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988) (holding that denial of face-to-face confrontation is subject to harmless error review); *United States v. Tropeano,* 252 F.3d 653, 659 (2d Cir.2001) ("[H]armless error analysis applies to evidentiary errors and to violations of the Confrontation Clause."). Moreover, those Justices—including Justice Scalia, the author of the *Crawford* opinion—who disagreed with the Court's pre-*Crawford* conclusion in *Lilly v. Virginia,* 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999), that the admission of an accomplice's confession did not violate the Confrontation Clause, nonetheless concurred in the judgment because they believed that harmless error review applied to the perceived violation. *See id.* at 143, 119 S.Ct. 1887 (Scalia, J., concurring in part and concurring in the judgment) (stating that admission of accomplice's statement against defendant violated Confrontation Clause, but that case should be remanded for harmless-error review); *id.* at 148, 119 S.Ct. 1887 (Rehnquist, C.J., concurring in the judgment, joined by O'Connor and Kennedy, JJ.), *see also id.* at 143, 119 S.Ct. 1887 (Thomas, J. concurring in part and concurring in the judgement) (joining plurality in remanding case for harmless error review).

■ It is unclear from the record whether both defendants objected to the admission of the allocutions. We will assume for purposes of this opinion, however, that the Confrontation Clause issue has been preserved for appellate review by both defendants. The government has no objection to this assumption. The erroneous admission of the three plea allocutions is therefore reviewable for harmless error, and does not necessitate a new trial as long as "the government can show beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *United States v. Casamento,* 887 F.2d 1141, 1179 (2d Cir.1989) (internal quotation marks omitted). The government has satisfied that burden here. The evidence of Martins's and Guastella's guilt was overwhelming. Documentary evidence established that Martins and Guastella agreed on the names of the fictitious European banks, and that Martins recruited potential investors while Guastella handled the logistics of maintaining the illusion that the banks were real. After investors wired money to an account that Guastella maintained at Smith Barney, Guastella would transfer half of the funds to Martins and keep the rest. The two were in constant communication, and Guastella copied Martins on fraudulent letters that he sent to investors, pretending to be various bank officials. Moreover, defendants' knowledge of the fraudulent nature of their activities is demonstrated by, among other things, Martins's obtaining letterhead of a fictitious bank from a Las Vegas print shop, and Guastella's maintenance of a phony

answering service in Sweden that forwarded to him messages meant for a fictitious bank. There was ample evidence that Martins and Guastella were guilty of the substantive offenses for which they were charged. Moreover, the jury was instructed that it could consider the plea allocutions only as evidence that the conspiracy existed, and we may presume that the jury followed this instruction, *see United States v. Downing*, 297 F.3d 52, 59 (2d Cir.2002). With respect to the existence of the conspiracy, the plea allocutions were cumulative, as the documentary evidence established that Martins and Guastella set up the fictitious banks together and worked in tandem throughout the duration of the scheme. The admission of the plea allocutions was therefore harmless beyond a reasonable doubt.

## CONCLUSION

For the foregoing reasons, the judgment of conviction is AFFIRMED with respect to the introduction of the co-conspirators' plea allocutions against Martins and Guastella. A summary order will follow with respect to defendants' other challenges to their convictions and sentences.