**UNITED STATES of America,**
**Appellee,**

v.

**Gerald ALFONSO, Defendant–**
**Appellant.**

**No. 05–2324–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 23, 2005.

Richard E. Signorelli, New York, NY, for Defendant–Appellant.

Helen V. Cantwell, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief; John M. Hillebrecht, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

PRESENT: Hon. JAMES L. OAKES, Hon. SONIA SOTOMAYOR, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Gerald Alfonso appeals from a judgment of the district court convicting him of conspiracy to distribute

narcotics and possession of narcotics with intent to distribute. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

Appellant contends that the plea allocutions of two co-defendants were admitted at trial in violation of the rule enunciated in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Because this argument was not raised below, we review for plain error. *Johnson v. United States*, 520 U.S. 461, 465, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Under *Crawford*, the district court's admission of the guilty pleas of appellants' co-conspirators plainly violated appellant's Confrontation Clause rights. *See United States v. McClain*, 377 F.3d 219, 221 (2d Cir.2004). However, "Confrontation Clause violations ... are subject to harmless error review, and *Crawford* does not suggest otherwise." *Id.* at 222.

Appellant argues that because the source of the plain error was the supervening *Crawford* decision, we should apply this Court's "modified plain-error" rule under which the government bears the burden of demonstrating that the error is harmless. *See United States v. Bruno*, 383 F.3d 65, 79 n. 8 (2d Cir.2004). We need not reach this issue because we find that even if the government bears this burden, it has been met. Appellant's guilt is supported by ample evidence, independent of the guilty pleas, that he had knowledge of and intent to participate in the cocaine conspiracy. *See United States v. Espaillet*, 380 F.3d 713, 720 (2d Cir.2004). This evidence is sufficient to convince us beyond a reasonable doubt that the error did not contribute to the verdict obtained against the appellant. *See Chapman v.*

*California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Moreover, the jury received instruction that it could only consider the plea allocutions as evidence that a conspiracy existed, and we presume that this instruction was followed. *McClain*, 377 F.3d at 223 (citing *United States v. Downing*, 297 F.3d 52, 59 (2d Cir.2002)).

For the reasons discussed, we AFFIRM the district court's judgment.