**UNITED STATES of America,**

v.

**Joseph OLIVIERI, Defendant.**

No. S3 08 Cr. 0828(VM).

United States District Court, S.D. New York.

Oct. 12, 2010.

Lisa R. Zornberg, Mark D. Lanpher, U.S. Attorney's Office, New York, NY, for United States of America.

Brian L. Gardner, Sullivan Gardner, P.C., New York, NY, Michele Marianna Bonsignore, Michele Marianna Bonsignore P.C., Yonkers, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

The Court has received motions in limine from both the Government and defendant Joseph Olivieri ("Olivieri") in the instant case.

The motions brought by the Government (the "Government's Motions") request that the Court:

(1) admit evidence to show that in 2004 Louis Moscatiello, Sr. ("Moscatiello") was convicted of committing crimes through his membership in the Genovese Organized Crime Family of La Cosa Nostra (the "Genovese Family"), including crimes to defraud the United Brotherhood of Carpenters and Joiners (the "Carpenters' Union") and other unions;

(2) admit evidence of Olivieri's association with the Genovese Family; and

(3) admit evidence of Olivieri's pre-August 2004 payment of meals and expenses for union officials, including co-defendant Michael Forde.

The motions brought by Olivieri ("Olivieri's Motions") seek for the Court to:

(1) preclude the Government from introducing into evidence at trial certain 2004 audio recordings (the "Agostino's Recording") in which a Genovese member and associates discussed Olivieri and Moscatiello's association;

(2) preclude the Government from introducing any evidence at trial that connects Olivieri to organized crime;

(3) preclude the Government from introducing any evidence at trial relating to Olivieri's purported failure to disclose information or conflicts of interest to the District Council of the New York City and Vicinity of the Carpenters' Union (the "District Council");

(4) grant Olivieri leave to file additional motions in limine up to the date of trial, or such other date as determined by the Court.

In his opposition to the Government's Motions, Olivieri requests that the Court order pre-trial disclosure of the specific prior acts the Government intends to offer pursuant to Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)").

For the reasons set forth below, both the Government's and Olivieri's Motions are GRANTED in part and DENIED in part.

## I. EVIDENCE ABOUT MOSCATIEL-LO

The Government seeks to offer the following evidence relating to Moscatiello:

(1) the Government's Application dated August 23, 2007 (the "Application") to depose Olivieri in *United States v. District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America*, 90 Civ. 5722 (S.D.N.Y), a case brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO") to address the history of union corruption and organized crime influence within the District Council (the "Civil RICO Case");

(2) Judge Charles Haight's Order dated October 25, 2007 permitting the deposition (the "Order");

(3) Indictment 03 CR 229 against Moscatiello dated February 24, 2003 and Information S5 03 CR 229 against Moscatiello dated October 13, 2004 (the "Charging Instruments");

(4) Mosciatello's judgment of conviction dated December 2, 2004 (the "Judgment"); and

(5) the testimony of Assistant United States Attorney Benjamin Torrance ("AUSA Torrance") concerning the deposition of Olivieri in the Civil RICO case.

The Government seeks to admit these documents and testimony in order to prove the materiality element of the charge against Olivieri that he made false material declarations and gave false testimony during a deposition conducted in the Civil RICO Case (the "Perjury Count"). The Perjury Count alleges in part that, in response to questions regarding whether he ever met with Moscatiello or whether they had a relationship, Olivieri answered falsely while under oath. Moscatiello was convicted in 2004 of committing various criminal offenses through his membership in the Genovese Family, including conspiracy to defraud the District Council Benefit Funds [1]. *See United States v. Moscatiello*, No. 03 CR 229, No. S5 03 CR 229 (S.D.N.Y.); *United States v. Muscarella*, 175 L.R.R.M. 3280 (S.D.N.Y.2004).

For the reasons explained below, the Government's Motion to introduce evidence regarding Moscatiello's alleged ties to organized crime is GRANTED in part and DENIED in part.

### A. THE APPLICATION AND ORDER

■ The Government seeks to admit the Application and Order under Rule 402 of the Federal Rules of Evidence ("Rule 402"), which states that "all relevant evidence is admissible." Fed.R.Evid. 402. The Government asserts that the Application and Order are relevant to show materiality in the Perjury Count and to give context regarding Moscatiello's identity.

Olivieri opposes the Government's Motion and asserts that the Court should exclude these two documents under Rule 403 of the Federal Rules of Evidence ("Rule 403"), which states that relevant evidence may nonetheless be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. He contends that admitting these docu-

---

**1.** The District Council Benefit Funds include the New York District Council of Carpenters Pension Plan, the New York District Council of Carpenters Welfare Fund, the New York District Council of Carpenters Vacation Fund, and the New York District Council of Carpenters Annuity Fund, among others.

ments will result in substantial unfair prejudice, and therefore proposes that the Court admit the Order and Application in redacted form without Moscatiello's guilty plea. Olivieri further argues that to admit the portions that include Moscatiello's guilty plea would violate the Confrontation Clause under the rule enunciated in *Crawford v. Washington. See* 541 U.S. 36, 68–69, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (holding that out-of-court statements by witnesses that are testimonial are barred, under the Confrontation Clause, unless witnesses are unavailable and defendants had a prior opportunity to cross-examine them, regardless of whether such statements are deemed reliable by the court); *United States v. Alfonso,* 158 Fed.Appx. 356, 357 (2d Cir.2005) (*citing United States v. McClain,* 377 F.3d 219, 221 (2d Cir. 2004)). Lastly, Olivieri argues that the portions of the Application and Order that reference Moscatiello's Judgment are hearsay under Rule 803(22) of the Federal Rules of Evidence ("Rule 803(22)"), which provides that judgments are non-hearsay but excludes from that rule judgments against persons other than the accused "when offered by the Government in a criminal prosecution for purposes other than impeachment." Fed.R.Evid. 803(22). This exception, Olivieri asserts, exists because to admit evidence of the conviction of a third person would violate the Confrontation Clause. *See Kirby v. United States,* 174 U.S. 47, 55, 19 S.Ct. 574, 43 L.Ed. 890 (1899).

In its reply, the Government proposes to redact the Order to omit reference to Moscatiello's guilty pleas, his convictions other than the conspiracy to defraud the District Council Benefit Funds, and the prior testimony of Joseph Rizutto and Joseph Corascio in *United States v. Amicucci* No. 04 CR 1321 (S.D.N.Y.), another case involving criminal activity in construction unions. The Government has submitted language

that it proposes to insert into the Order in place of those portions that it proposes to redact. The proposed language refers to Moscatiello's conviction of conspiracy to defraud the District Council Benefit Funds and to the fact that the Government sought to depose Olivieri because of a good faith belief that Olivieri and Moscatiello had a relationship with one another.

The Court finds convincing Olivieri's argument that to include the portions of the Application and Order that reference Moscatiello's guilty pleas and convictions would violate the Confrontation Clause and Rule 803(22), respectively, but finds persuasive the Government's argument that information regarding Mosciatello's identity is relevant to prove materiality and to provide context for the Perjury Count.

Accordingly, the Government's request to include the Application and Order is GRANTED in part and DENIED in part. Specifically, the Government may introduce the Application and Order with redactions of the portions that reference Mosciatello's guilty plea, all following convictions, and the prior testimony of Joseph Rizutto and Joseph Coriasco in *United States v. Amicucci.* However, the Government may not offer the full text of its proposed language, but rather may introduce only the portion that refers to the Government's good faith belief that Mosciatello and Olivieri had a relationship.

## B. *MOSCATIELLO'S JUDGMENT AND CHARGING INSTRUMENTS*

■ The Government seeks to have Moscatiello's Judgment and his Charging Instruments admitted as relevant under Rule 402. Olivieri argues that the Court should exclude the Judgment as hearsay under Rule 803(22). Olivieri further maintains that the Charging Instruments are hearsay because they are offered to prove

the truth of the matter asserted, and therefore are inadmissible under Rule 802 of the Federal Rules of Evidence ("Rule 802"). *See In re WorldCom, Inc. Securities Litigation,* No. 02 CIV 3288, 2005 WL 375315, at *9 (S.D.N.Y.2005) (holding that indictments are hearsay when offered to prove the truth of the matter asserted). The Government in its reply offers to exclude Moscatiello's Judgment and Charging Instruments, as well as all of its written submissions in the Civil RICO case relating to the deposition of Olivieri.

Because the Judgment and Charging Instruments are hearsay, and because the Government has already offered to refrain from introducing them into evidence, the Government's request to admit these documents is DENIED. Thus, the Court concludes that the Government may not admit Mosciatello's Charging Instruments or his Judgment, and may not offer into evidence any of its written submissions in the Civil RICO case relating to the deposition of Olivieri.

### C. *AUSA TORRANCE'S TESTIMONY*

■ The Government seeks to admit the testimony of AUSA Torrance concerning Olivieri's deposition in the Civil RICO Case as relevant under Rule 402, while Olivieri seeks to exclude this testimony as prejudicial under Rule 403. Olivieri also claims this testimony, to the degree that it refers to Moscatiello's guilty plea and conviction, is in violation of the Confrontation Clause, and is inadmissible hearsay under Rule 803(22). The Government in its reply offers to restrict the testimony of AUSA Torrance to exclude reference to Moscatiello's guilty pleas.

The Court agrees with the Government that AUSA Torrance's testimony is relevant as to Moscatiello's identity and why the Government sought to depose Olivieri, and agrees also with the Government's new proposal to exclude reference to Moscatiello's guilty pleas.

Accordingly, the Government's request to seek testimony from AUSA Torrance is GRANTED in part and DENIED in part. The Government may seek to elicit testimony from AUSA Torrance regarding Olivieri's deposition in the Civil RICO Case, but not seek any testimony regarding Mosciatello's guilty plea, his Charging Instruments, or his Judgment.

### II. *EVIDENCE CONNECTING OLIVIERI TO ORGANIZED CRIME*

The Government intends to offer the following evidence to connect Olivieri to organized crime:

(1) the testimony of Joseph Rizutto ("Rizutto") and Arthur Johansen ("Johansen"), lay witnesses who, according to the Government, have personal knowledge of Olivieri's meetings with Moscatiello through their involvement with Olivieri in the context of the carpentry industry;

(2) surveillance of meetings between Olivieri and Moscatiello; and

(3) the Agostino's Recording.

The Government seeks to introduce this evidence of Olivieri's association with the Genovese Family in order to show that Olivieri met with Moscatiello on multiple occasions at planned meetings relating to the business of the Genovese family. The Government contends that evidence of these meetings is directly relevant to Olivieri's Perjury Count because it would show (1) the falsity of Olivieri's sworn statements about his relationship with Moscatiello, (2) Olivieri's knowledge of the falsity of his statements, and (3) the materiality of Olivieri's false statements to the Civil RICO case.

In Olivieri's Motion to exclude evidence that shows his connection to organized

crime, he asserts that the Court should exclude this evidence under Rule 403 because it is cumulative, incendiary, and more prejudicial than probative. He also argues that the Court should exclude the organized crime evidence under Rule 402 because it is irrelevant insofar as it pertains to meetings purportedly held prior to the time period relevant to the Perjury Count.

For the reasons explained below, the Government's Motion to introduce evidence of Olivieri's connection to the Genovese Family is GRANTED in part and DENIED in part and Olivieri's Motion to exclude all evidence of Olivieri's connection to organized crime is GRANTED in part and DENIED in part.

## A. TESTIMONY OF RIZUTTO AND JOHANSEN

■ The Government seeks to introduce the testimony of both Rizutto and Johansen asserting that they witnessed separate meetings between Olivieri and Moscatiello, and that Olivieri played a role in organized crime. The Government contends this evidence is admissible because it is direct evidence, relevant under Rule 402, of Olivieri and Moscatiello's relationship and of their arranged meetings, and because it provides context for the Perjury Count. Olivieri contends that this testimony is far more prejudicial than probative under Rule 403, and thus should be excluded. Olivieri also argues that the testimony of both Rizutto and Johansen is irrelevant and thus excludable under Rule 402 because the meetings about which they would testify occurred before the time period relevant to the Perjury Count.

However, the question of when the meetings occurred is irrelevant to whether or not Olivieri and Moscatiello would arrange meetings with one another. Testimony regarding these meetings is more probative than prejudicial, is relevant to whether Olivieri and Moscatiello had a relationship, and thus is admissible under Rule 402. However, testimony about Olivieri's alleged organized crime ties that does not relate to Moscatiello and Olivieri's relationship is irrelevant and unfairly prejudicial, and thus inadmissible under Rule 403.

Therefore, Olivieri's request that the testimony of Rizutto and Johansen be excluded is GRANTED in part and DENIED in part. The testimony of Rizutto and Johansen is admissible, but any testimony regarding Olivieri's alleged organized crime ties is admissible only to the extent necessary to describe the relationship between Olivieri and Moscatiello. *See generally, U.S. v. Lombardozzi* No. 02 CR 273, 2003 WL 1907965, at *4 (S.D.N.Y. April 17, 2003). Thus, any testimony regarding organized crime ties that does not relate to this relationship is excluded.

## B. SURVEILLANCE OF MOSCATIELLO AND OLIVIERI

■ The Government seeks to introduce surveillance by law enforcement officers of meetings between Olivieri and Moscatiello that occurred in two locations: near Pelham Bay Brokerage and at a Restaurant in the Bronx. Olivieri seeks to exclude the surveillance as unfairly prejudicial under Rule 403 and as inadmissible prior bad acts evidence under Rule 404(b), which provides that "(e)vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R.Evid. 404(b). Olivieri also requests that the Court conduct a hearing to determine whether the surveillance at the Bronx Restaurant violates his Fourth Amendment Rights.

Surveillance of meetings between Olivieri and Moscatiello is directly relevant to

the issue at trial regarding whether or not Olivieri and Moscatiello had a relationship such that they would arrange meetings with one another, and thus is admissible under Rule 402. Thus, Olivieri's request that the surveillance evidence near Pelham Bay Brokerage be excluded is DENIED. Olivieri's request that the surveillance evidence at Bronx Restaurant be excluded is also DENIED.

Olivieri's request that a hearing be conducted to determine whether the surveillance at the Bronx Restaurant violated his Fourth Amendment Rights is DENIED. *See United States v. Howard,* 998 F.2d 42, 52 (2d Cir.1993) ("[T]he failure to file a timely motion constitutes a waiver.").

## C. *THE AGOSTINO'S RECORDING*

■ The Government seeks to introduce the Agostino's Recording, an audio disc of an intercepted conversation between Genovese members, as relevant under Rule 402 to the Perjury Count against Olivieri, because it mentions that Olivieri was a friend of someone named "Louis." The Government argues that these statements are admissible non-hearsay under Rule 801(d)(2)(E) of the Federal Rules of Evidence ("Rule 801(d)(2)(E)") as co-conspirator statements made "during the course and in furtherance of the conspiracy." Fed.R.Evid. 801(d)(2)(E). Olivieri argues first that the content of the Agostino's Recording is inadmissible hearsay under Rule 801 of the Federal Rules of Evidence, because it is neither a "prior statement by a witness" nor an "admission by a party-opponent," and second that this evidence is irrelevant under Rule 402 and unfairly prejudicial under Rule 403. Fed.R.Evid. 801.

While the conspiracy does not have to be "one charged in the indictment," *United States v. DeVillio,* 983 F.2d 1185, 1193 (2d Cir.1993), and the Second Circuit classifies

as non-hearsay co-conspirator statements that help members understand its "leadership and structure," *United States v. Russo,* 302 F.3d 37, 46 (2d Cir.2002), the statements here do not provide much. if any, information as to the Genovese Family's hierarchy, nor do they appear to have been made for the purpose of informing Genovese members of the Family's structure. Rather, they appear to be off-hand comments that a person named "Louis" and Olivieri know each other, and lack any further indication of the nature of that relationship.

Thus, these recordings are inadmissible hearsay, and Olivieri's Motion to exclude them is GRANTED.

## III. *PRE–AUGUST 2004 PAYMENTS OF MEALS AND EXPENSES*

■ The Government seeks to admit expense reports of Olivieri's pre-August 2004 payments of meals and expenses for union officials, as well as the testimony of John Greaney, a co-defendant and District Council member, that Olivieri made these payments. The Government argues these payments are relevant under Rule 402 to the charge that Olivieri participated in a conspiracy to defraud the Carpenters' Union's District Council Benefit Funds (the "Co-conspirator Count"), because they show how corrupt relationships are formed and nurtured over time in the construction industry. The Government argues that this evidence that Olivieri regularly made payments to union officials for years before August 2004 is admissible under Rule 404(b) because it is relevant to criminal intent and absence of mistake.

Under Rule 404(b), evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportuni-

422

ty, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b).

Olivieri argues that this evidence serves only the improper purpose of making it appear that he has bad character and a propensity to engage in criminal conduct, and that it is therefore inadmissible character evidence under Rule 404(b).

■ It is well established in the Second Circuit that uncharged evidence of other acts is admissible to show the background of a conspiracy or a relationship of trust. *See, e.g., United States v. Rosa,* 11 F.3d 315, 334 (2d Cir.1993), *cert. denied,* 511 U.S. 1042, 114 S.Ct. 1565, 128 L.Ed.2d 211 (1994). The Second Circuit's "inclusionary approach" to the admission of other act evidence "allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." *U.S. v. Guang,* 511 F.3d 110, 121 (2d Cir.2007) (*quoting United States v. LaFlam,* 369 F.3d 153, 156 (2d Cir.2004) (per curiam)). In order for such evidence to be properly admitted, the Court must give "an appropriate limiting instruction if so requested by the defendant." *Id.* at 121.

Thus, the Government's Motion to admit Olivieri's pre-August 2004 payment of meals and expenses for union officials is GRANTED.

## IV. EVIDENCE OF OLIVIERI'S FAILURE TO DISCLOSE INFORMATION OR CONFLICTS OF INTEREST WITH THE DISTRICT COUNCIL

■ Olivieri contends in this motion that evidence of Olivieri's failure to disclose information or conflicts of interest with the District Council should be excluded. Olivieri is charged with devising a scheme to deprive the District Council Benefit Funds and its participants and beneficiaries of the intangible right to the

honest services of their trustees and fiduciaries (the "Deprivation of Honest Services Count"). He argues that such a charge can only apply where the defendant made the alleged misrepresentations in exchange for bribes or kickbacks received from a third-party, and that his alleged conduct does not meet the definition of bribery or a kickback scheme. *See Skilling v. United States,* — U.S. ——, 130 S.Ct. 2896, 2932, 177 L.Ed.2d 619 (2010) (holding that the Honest Services Statute covers only bribery and kickback schemes, but not milder forms of self-dealing).

The Government argues in opposition that the basis for the Deprivation of Honest Services Count is in fact an alleged kickback scheme, that Olivieri received various financial benefits in exchange for which he assisted others through his position as a trustee of the District Council Benefit Funds.

Because the alleged conduct that provides the foundation of for the Deprivation of Honest Services Count falls well within the bases for a Deprivation of Honest Services Charge approved by *Skilling,* Olivieri's Motion to exclude evidence relating to his purported failure to disclose information or conflicts to the District Council is DENIED.

## V. THE REQUEST TO FILE ADDITIONAL MOTIONS AND FOR PRE–TRIAL DISCLOSURE

Olivieri's Motion requesting leave to file an additional motion in limine up to the date of the trial is DENIED as too open-ended at this time, and Olivieri's request for pre-trial disclosure of specific prior acts the Government intends to offer pursuant to FRE 404(b) is GRANTED.

**SO ORDERED.**