10-3515-cr(L)
United States v. Rijo

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of November, two thousand twelve.

PRESENT: BARRINGTON D. PARKER,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges*.

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
*Appellee*,

v.

GUILLERMO RIJO, DONALD PARKER, a.k.a. Muff,
a.k.a. Muffin, MARTIN McKREITH, a.k.a. Unc,
*Defendants-Appellants*,

PETER MAYLOR, a.k.a. Pete, GLENN SMITH, a.k.a. Tommy, LUIS MONTAS, ALECK GLADNEY, EUGENE ARGRAVES, a.k.a. Gene, ALFRED BELL, a.k.a. Boo Boo, CORRIE BETTS, TERRANCE BROWN, a.k.a. C/O Tyson, ROBERT CROWE, a.k.a. B.O., a.k.a. B.O.B., JACHIN FELTON, SAMUEL GONZALEZ, JACQUELINE GRAVES, a.k.a. Fat Jack, CRAIG HAWKINS, a.k.a. G, a.k.a. Craig G, AMYIE HOPE-WRIGHT, WILLIE HUNTER, a.k.a. Chill Will, a.k.a. Chill, LENARD IRVING, a.k.a. Andre Irving, a.k.a. Little Dre, WILLIAM JUSINO, STEVEN KEATON, a.k.a. Percy, a.k.a. Perc, ALVIN

No. 10-3515-cr(L)
No. 11-2886-cr
No. 11-4139-cr

MANN, MANUEL MANSON, a.k.a. Big Dre, COREY PACE, CARL PATTERSON, a.k.a. Coolman, KELVIN POWELL, MATTHEW RAY, a.k.a. Jerome James, WILFRED SHIRLEY, MELVIN SPEIGHT, THOMAS TURNER, a.k.a. Poker, ERIC VINSON, EDWARD WILSON, a.k.a. Ed, JOHN MINTER, a.k.a. Joker,

*Defendants.*[*]

-------------------------------------------------------------------------

| | |
|---|---|
| APPEARING FOR APPELLANT PARKER: | ROBERT J. BOYLE, ESQ., New York, New York. |
| FOR APPELLANT RIJO: | John A. Cirando, Esq., Syracuse, New York. |
| FOR APPELLANT McKREITH: | Michael Raymond Hasse, Esq., New London, Connecticut. |
| APPEARING FOR APPELLEE: | S. DAVE VATTI (Robert M. Spector, *on the brief*), Assistant United States Attorneys, *for* David B. Fein, United States Attorney for the District of Connecticut. |

Appeal from judgments of the United States District Court for the District of Connecticut (Mark R. Kravitz, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is dismissed in part as to Guillermo Rijo and the judgments of conviction entered on August 18, 2010, as to Rijo; on July 15, 2011, as to Donald Parker; and on October 7, 2011, as to Martin McKreith, are AFFIRMED.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

1.      Donald Parker

Donald Parker challenges his conviction after trial on one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine and one count of possession with intent to distribute cocaine, see 21 U.S.C. §§ 841(a)(1), (b)(1)(B)-(C), and 846. Parker argues that the district court erred in (a) failing to suppress evidence seized from his apartment, (b) admitting certain hearsay testimony and unauthenticated physical evidence, and (c) permitting him to represent himself at sentencing. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

a.      Suppression of Evidence

Parker argues that the evidence seized from his residence should have been suppressed because the search warrant lacked probable cause. Because Parker's pre-trial suppression motion was not based on any deficiencies in the warrant, but on the entry into his residence before the warrant was secured, we review the probable cause argument only for plain error, see United States v. Verkhoglyad, 516 F.3d 122, 128 (2d Cir. 2008), which is not present here. Insofar as the warrant affidavit referenced evidence obtained during the Terry stop leading to Parker's arrest, Parker waived any challenge to the lawful procurement of that evidence when he acquiesced in the district court to the denial of his motion to suppress that evidence.

3

As for Parker's challenge to the veracity of the officers' accounts of the Terry stop, this point warrants little discussion because the district court reasonably determined that detailed information from a confidential informant, who had proved reliable in the past, which information was corroborated in part by surveillance observations, was sufficient to establish probable cause to believe that evidence of criminal conduct would be found in Parker's residence. See Illinois v. Gates, 462 U.S. 231, 230, 241 (1983); United States v. Canfield, 212 F.3d 713, 719–20 (2d Cir. 2000). We accord this finding "great deference." Illinois v. Gates, 462 U.S. at 236; United States v. Salameh, 152 F.3d 88, 113 (2d Cir. 1998). Further, even if probable cause were lacking—which it was not—no suppression of evidence was required as long as executing officers relied upon the warrant in "objective good faith." See United States v. Leon, 468 U.S. 897, 920 (1984); United States v. Clark, 638 F.3d 89, 104–05 (2d Cir. 2011) (holding that Leon good-faith exception applied where warrant affidavit contained "entirely conclusory" allegations). Because Parker cannot show either Gates or Leon error, let alone plain error, his suppression challenge fails on the merits.

b.      Evidentiary Challenges

(1).    Hearsay

Parker argues that his Confrontation Clause right was violated when the district court permitted Officer Bellizzi to testify at trial to out-of-court statements by defendant's girlfriend Donna Hurst and a confidential informant. Parker concedes that he failed to object at trial; accordingly, we review only for plain error. See Fed. R. Crim. P. 52(b). The

Confrontation Clause bars the admission of out-of-court statements that are "testimonial," including statements elicited during police interrogations. Crawford v. Washington, 541 U.S. 36, 51–53 (2004); accord United States v. Saget, 377 F.3d 223, 229 (2d Cir. 2004) (holding that statements that a declarant reasonably expects might be used in future judicial proceedings are testimonial). This constitutional bar does not apply, however, where testimonial statements are used "for purposes other than establishing the truth of the matter asserted." Crawford v. Washington, 541 U.S. at 59 n.9. The government argues that the challenged hearsay statements fall within this exception. We need not decide the question here because even if we were to resolve it in Parker's favor, he would not be entitled to any relief. Any error was plainly harmless in light of the other overwhelming evidence of guilt, including possession of narcotics, drug packaging material, a weapon, and ammunition. See United States v. McClain, 377 F.3d 219, 222–23 (2d Cir. 2004) (rejecting Crawford error as harmless). See also United States v. Lombardozzi, 491 F.3d 61, 75 (2d. Cir. 2007) (defendant not prejudiced where Crawford error was harmless).

(2). Authentication

Parker waived any authentication challenge in the district court when, after testimony was elicited—often by his own counsel—indicating that Officer Bellizzi had not seized evidence that the government sought to introduce through him, defense counsel plainly stated that he had no objection to admission of the proffered evidence. Such a strategic decision constitutes true waiver barring review on appeal. See United States v. Quinones, 511 F.3d 289, 321 (2d Cir. 2007).

5

c.       Right to Counsel at Sentencing

After trial and before sentencing, the district court granted Parker's motion to waive counsel and proceed pro se.  Parker now argues that the decision violated his Sixth Amendment right to counsel because the district court failed to determine that his waiver of counsel was knowing and voluntary under Faretta v. California, 422 U.S. 806, 835 (1975). Such a determination is best made by engaging the defendant in an "on-the-record discussion" to ensure his understanding of the ramifications of his decision. Torres v. United States, 140 F.3d 392, 401 (2d Cir. 1998).  We have expressly declined, however, to require such a discussion to follow any formula or specified procedure.  See United States v. Fore, 169 F.3d 104, 107 (2d Cir. 1999).  Rather, identification of a knowing and voluntary waiver depends on the totality of the circumstances.  See id. at 108.  Having reviewed the record, particularly the district court's discussions with Parker on August 9, 2010; January 25, 2011; and March 30, 2011, we conclude that it correctly determined that Parker knowingly and voluntarily waived his right to counsel and invoked his right to represent himself at sentencing.

We have considered Parker's remaining arguments on appeal and conclude that they are without merit.  Accordingly, the judgment of conviction is affirmed.

2.     Guillermo Rijo

Insofar as Guillermo Rijo seeks review of his conviction, his counsel, John Cirando, moves for permission to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967).

6

The Government cross-moves to dismiss Rijo's appeal as barred by an appeal waiver contained in his plea agreement.

Upon due consideration, Cirando's <u>Anders</u> motion is granted. The Government's motion to dismiss is also granted as to Rijo's appeal of his conviction and term of imprisonment, as he has not demonstrated that the waiver of his appellate rights is unenforceable under <u>United States v. Gomez-Perez</u>, 215 F.3d 315 (2d Cir. 2000). With respect to Rijo's appeal of his term of supervised release and $100 special assessment, we construe the Government's motion to dismiss as a motion for summary affirmance and grant affirmance.

3.      <u>Martin McKreith</u>

Insofar as Martin McKreith appeals his conviction, his counsel, Michael Hasse, moves for permission to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738, and the Government cross-moves for summary affirmance.

Upon due consideration, both motions are granted.

4.      <u>Conclusion</u>

The appeal of defendant Guillermo Rijo is dismissed in part and his judgment of conviction, as well as the judgments of conviction of Parker and McKreith, are hereby affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7